UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LANE B. BAXTER,
        Plaintiff,

     v.                           Case No. 06-C-1286

JUDY P. SMITH, ANGIE WOOD,
LT. MEITZEN, C.O. SCHUSTER,
and W. HAHN,
        Defendants.

## DECISION AND ORDER

Plaintiff Lane B. Baxter, a state prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff paid the $350.00 filing fee on December 13, 2006. Therefore, the complaint is now ready for screening under 28 U.S.C. § 1915A.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff was incarcerated at Oshkosh Correctional Institution (OCI) at all times relevant. (Compl. at 1).[1] Defendant Judy P. Smith is the Warden of OCI. Id. at 2. Defendant W. Hahn is the Maintenance Supervisor at OCI. Id. Defendant Angie Wood is the Center Director for the V-Building. Id. Defendant Lt. Meitzen works in V-Building Administration. Id. C.O. Schuster is a Unit Guard in V-Building. Id.

On April 21, 2006, plaintiff was ascending the stairs when his shoe caught on a raised rubber tread, causing him to fall into another inmate. Id. at 3-4. As a result of his "fast violent fall," plaintiff suffered a severely deep laceration. Id. at 4. Plaintiff was sent off site for emergency medical treatment and he received 15 stitches in his left ear. (Compl. at 4; Pl.'s Appx. at 11). After plaintiff's fall, the maintenance department was ordered to fix the neglected stairs in all four housing units. (Compl. at 4).

Plaintiff claims that he was injured as result of defendants' negligence. Id. at 3. Specifically, he claims that defendants have been aware of the "trip hazard" for years. Id. at 4. However, there were no warning signs posted to advise inmates to use caution on the stairs. Id. Further, plaintiff asserts that the defendants used "poor judgment" in placing plaintiff, who is of "elderly age," on an upper tier. Id.

For relief, plaintiff demands prompt alternative dispute resolution (ADR) and, if ADR is not successful, $250,000.00 in cash. Id. at 5; 7. Additionally, plaintiff demands a trial by jury. Id. at 5.

---

[1]The complaint, which starts on page four, is 9 pages long. In the interest of simplicity, the court will refer to the complaint as it is numbered in the Electronic Case Filing (ECF) system, with the first page of the complaint being page number 1 and the last page of the complaint being page number 9. Plaintiff's Appendix of Exhibits, which was scanned into ECF as pages 10 to 21 of the complaint, will be referred to as "Pl.s' Appx."

The caption in this case names Judy P. Smith, Angie Wood, Lt. Meitzen, C.O. Schuster and W. Hahn as defendants. However, with the exception of their job descriptions, no mention of any defendant is made in the body of the complaint. Plaintiff's failure to assert a specific act of wrongdoing by any defendant does not suffice to meet the personal involvement requirement necessary for § 1983 liability. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Therefore, defendants Smith, Wood, Meitzen, Schuster and Hahn should be dismissed from this action. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). However, dismissal of this action is warranted on additional grounds.

Plaintiff asserts that he was injured as a result of defendants' negligence. To prevail on a constitutional claim that he was injured by the conditions of his confinement, a plaintiff must show that jail officials were aware of "a substantial risk of serious injury" but nevertheless failed to take appropriate steps to protect him. Butera v. Cottey, 285 F.3d 601, 605 (7th Cir. 2002). Negligence or even gross negligence on the part of officials is not sufficient for liability. Farmer v. Brennan, 511 U.S. 825, 837(1994). Rather, defendants' actions must be intentional or criminally reckless. Id.

Here, plaintiff's own averments demonstrate that his claim against defendants is one for negligence. In particular, plaintiff specifically states that he was injured as "a direct result

4

of subsequent negligence of the parties listed herein." (Compl. at 3). Accordingly, plaintiff has failed to state a cognizable claim under the Eighth Amendment.

In sum, this plaintiff has provided no arguable basis for relief in federal court pursuant to § 1983, having failed to make any rational argument in law or fact to support his claims. See House of Belford, 956 F.2d 711, 720 (7th Cir. 1992)(quoting Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1998). Therefore, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

As a final matter, plaintiff has filed "Alternative Settlement Proposal for Termination of Existing Future Legal Litigation Actions" in which he proposes to settle this and other actions in exchange for a monetary settlement with Assistant Attorney General Gregory Weber and Judy P. Smith. As discussed herein, this action will be dismissed. Therefore, plaintiff's settlement offer does not warrant further discussion.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

5

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 11 day of February, 2007.

/s
LYNN ADELMAN
District Judge