# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LANE B. BAXTER,
    Plaintiff,

v.                                                                     Case No. 06-C-1286

JUDY P. SMITH, ANGIE WOOD,
LT. MEITZEN, C.O. SCHUSTER,
and W. HAHN,
    Defendants.

## DECISION AND ORDER

      Plaintiff, Lane B. Baxter, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. By court order of February 12, 2007, plaintiff's complaint was dismissed for failure to state a claim under 29 U.S.C. § 1915A(b)(1). That same day, judgment was entered dismissing this action. Currently pending is plaintiff's February 20, 2007, motion to amend the complaint.

      Although plaintiff refers to his motion as one to amend the complaint, he asks the court to reconsider the February 12, 2007, order and judgment dismissing this case. Inasmuch as plaintiff's motion was filed within 10 days of the entry of judgement and, if granted, would result in a substantive change in the judgment, it is properly regarded as one to alter or amend the judgment under Federal Rule of Civil Procedure Rule 59(e). See Borrero v. City of Chicago, 456 F.3d 698, 699 (7th Cir. 2006)(generally, a motion for reconsideration of the judgment filed within 10 days of the entry of judgment is deemed filed under Rule 59(e)).

      Rule 59(e) provides that a court may alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered

and previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure, § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro, 91 F.3d at 876; Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). In the present case, plaintiff's complaint was dismissed because he failed to allege that defendants were personally involved in the alleged wrongdoing and because, even if the plaintiff had identified the responsible defendants, his allegations amounted only to negligence. A claim based solely on negligence is not a sufficient basis for § 1983 liability.

According to plaintiff, he is entitled to reconsideration of the February 12, 2007, order and judgment because: (1) he has made specific allegations of wrongdoing against the responsible defendants; (2) defendants were negligent in maintaining the prison stairs; (3) claims of negligence should be recognized under § 1983; and (4) defendants acted with deliberate indifference when they assigned him to an upper tier. (Plaintiff's Motion for Reconsideration [Plaintiff's Motion] at 2-3).

Plaintiff has attempted to cure the deficiencies in his original complaint by demonstrating how each defendant was personally responsible for violating his constitutional rights. However, plaintiff again has failed to allege the personal involvement of defendant

2

Judy Smith. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Moreover, for the reasons discussed below, plaintiff also fails to make out any cognizable claims against the remaining defendants.

Plaintiff complains that he tripped and fell down the stairs as a result of defendants' "plain over site" and "negligence." (Plaintiff's Motion at 3). In particular, plaintiff avers that defendants Sgt. Meitzen, Angie Wood and C.O. Schuster should have been aware that there was a loose tread on the stairs and they were responsible for contacting defendant Hahn to fix the condition. (Plaintiff's Motion at 3). Inasmuch as plaintiff accuses defendants of acting negligently, he has failed to state a claim under § 1983. See Farmer v. Brennan, 511 U.S. 825, 837 (1994)(negligence on the part of prison officials is not sufficient for § 1983 liability).

Perhaps recognizing the futility of his negligence argument, plaintiff asserts that negligence claims should be recognized under § 1983. Plaintiff has offered no authority, legal or otherwise, in support of this contention. Furthermore, the Supreme Court and the Court of Appeals for the Seventh Circuit have repeatedly held that negligence or even gross negligence fail to implicate the Eighth Amendment. See Farmer, 511 U.S. at 837; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir. 1985).

Finally, plaintiff avers that his assignment to an upper tier constitutes deliberate indifference because he is more than 55 years old. As grounds for his assertion, plaintiff relies on Wilson, 501 U.S. at 305, which held that exposure to a sufficiently serious prison

3

condition could violate the Eighth Amendment's Cruel and Unusual Punishments Clause. Notably, plaintiff has failed to identify the defendant or defendants responsible for assigning him to an upper tier. See Gentry, 65 F.3d at 561. Morever, Wilson, emphasized that deliberate indifference requires a showing that prison officials were aware that a prisoner was exposed to a "sufficiently serious" risk of injury, 501 U.S. at 304-05, and nevertheless failed to take appropriate steps to protect him from that danger. Butera v. Cottey, 285 F.3d 601, 605 (7th Cir. 2002). Plaintiff's tier assignment claim fails to meet this standard.

For the foregoing reasons, plaintiff has failed to demonstrate that dismissal of his complaint was in error, or that he is otherwise entitled to relief under Rule 59(e). Thus, plaintiff's motion for reconsideration will be denied.

As a final matter, plaintiff has requested that the court return to him the exhibits he has filed in this case. Review of the docket reveals that plaintiff attached exhibits to the December 13, 2006, complaint and to his February 12, 2007, motion for summary judgment. It is not standard practice to provide copies and postage free of charge to parties in an action, whether they are indigent inmates or not. Additionally, local court rules provide that no exhibit belonging in the case file may be withdrawn by any person without an order of the court. Gen. L. R. 79.3 (E.D. Wis.). However, plaintiff filed duplicate copies of the requested exhibits with his complaint and motion for summary judgment. Therefore, the court will make a rare exception and return to the plaintiff a copy of the exhibits attached to his complaint and to his motion for summary judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket # 10) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the exhibits he filed with the December 13, 2006, complaint and his February 12, 2007, motion for summary judgment.

Dated at Milwaukee, Wisconsin this 29 day of April, 2007.

/s
LYNN ADELMAN
District Judge